FILED
SUPERIOR COURT
OF GUAM

2019 SEP 24 PM 4:46

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0335-19 |
| | ) | |
| PLAINTIFF | ) | |
| v. | ) | DECISION & ORDER RE: MOTION TO |
| | ) | DISMISS ALL CHARGES RE: ATTEMPT |
| JASON TAIMANGLO, | ) | AND MOTION TO DISMISS THE |
| | ) | INDICTMENT |
| DEFENDANT. | ) | |
| | ) | |
| | ) | |

## Introduction

This matter came before the Honorable Maria T. Cenzon on the filing of two Motions to Dismiss by Defendant Jason Taimanglo ("Defendant") on July 25, 2019. Defendant is represented by William Benjamin Pole of the Law Offices of Gumataotao & Pole, P.C. The People of Guam ("People"), represented by Chief Prosecutor J. Basil O'Mallan III, submitted an Opposition to both Motions, filed on August 26, 2019. This Court held a hearing on both Motions on September 10, 2019, after which the Court took both Motions under advisement. After review of all relevant responses and oral argument, the Court issues the following DECISION and ORDER denying both Motions.

## Background

This case involves three inchoate crimes charged against Defendant: Attempted Burglary (As a 2nd Degree Felony), Attempted Theft (As a 2nd Degree Felony) and Attempted Criminal Trespass (As a Misdemeanor). The People assert that on or about March 27 2019, around 10:18 AM, police responded to a suspicious vehicle complaint. *See* Mag. Complaint, p. 3. The vehicle was parked outside of the residence of Nicole Ann Calvo ("Victim"). *Id.* A relative of Victim

had arrived at the house while the vehicle was still there, and saw two male individuals walking up from behind the house. *Id.* When the relative asked the men why they were there, they responded that they were picking bananas. *Id.* The relative told them that there were no banana trees behind the house. *Id.* The relative then saw one of the men running towards the parked vehicle before leaving the residence himself. *Id.*

When the police arrived, the vehicle was no longer at the residence. *Id.* Another relative of Victim was present at the residence while the vehicle was present. *Id.* She took a photo of the car and the license plate, and turned over said evidence to the police. *Id.* The police interviewed the Victim, who informed police that the night before, on March 26, 2019 around 10:30 PM, Victim had left her residence. *Id.* The windows and doors were locked and secured when she left. *Id.* When she arrived at the residence the following morning, after seeing the suspicious vehicle, she noticed that her master bedroom window was shattered. *Id.* There was a muddy shoe print by the door, and the laundry area had been rummaged through. *Id.* The kitchen cabinets had been opened, and there were two (2) screwdrivers that did not belong to Victim beneath the shattered window. *Id.* Victim alleged that no one was supposed to be at the residence that day. *Id.*

After noting the car make and license plate number, the police determined that the car in question belonged to Jeremy Laniog ("Laniog"). *Id.* The police spoke to Laniog, who confirmed that the car depicted in the photo was his. *Id.* Laniog relayed to police that his step-daughter, Sherry Pane, and her boyfriend, Defendant, would use the car on a daily basis. *Id.* While interviewing another witness-relative of Victim, the police received a positive identification of Defendant by said relative as one of the men who he spoke to when he arrived at the residence the morning of March 27. *Id.*

Victim relayed to the police that her residence had been broken into three (3) separate times, including the present time, in the past two (2) months. Id. Victim had filed police reports for the previous two (2) incidents. *Id.*

Defendant was soon arrested on an outstanding warrant in a separate matter, CF0742-18. *Id.* After his arrest, he was charged in this case with three (3) counts: Attempted Burglary (As a

Second Degree Felony), Attempted Theft (As a Second Degree Felony), and Attempted Criminal Trespass (As a Misdemeanor).

On June 20, 2019, a grand jury indicted Defendant on all three (3) charges. See Indictment, pp. 1-3. Defendant subsequently filed both Motions to Dismiss on July 25, 2019. The first Motion is a Motion to Dismiss the Indictment of the Grand Jury. *See* Mot. to Dismiss Indictment. In this Motion, Defendant asserts two grounds under which this Court should grant the Motion. First, Defendant asserts that the People failed to present exculpatory evidence at the Grand Jury proceeding. *See id.* at 3-4. Thus, the Indictment should be vacated on procedural grounds. Specifically, Defendant asserts that the People failed to present testimony of a third party. *Id.* This third party allegedly confessed to and named other individuals who were involved in a March 8, 2019 burglary of Victim's residence. *Id.* The third party did not name the Defendant as one of those involved in the May 8 burglary. *Id.*

Second, related to the first ground, Defendant asserts that by failing to provide the alleged exculpatory evidence, the People were implicitly vouching, or bolstering, the statement of their own witnesses in front of the grand jury. *Id.* at 5. Defendant asserts that by not providing this evidence, the People unjustly provided greater weight to the statement of their own witnesses. *Id.*

Defendant's second Motion to Dismiss is a Motion to Dismiss all Charges Re: Attempt. *See* Mot. to Dismiss all Charges Re: Attempt. In said Motion, Defendant argues that the People have not presented enough evidence to have charged Defendant with Attempt. *See id.* Specifically, Defendant argues that the People presented no evidence to show that Defendant had the intent required for a charge of Attempt. *See id.* Defendant claims that the People presented no evidence to show that Defendant took any steps past mere preparation of each crime, therefore intent is not established. *See id.* at 2-3. Consequently, Defendant asserts that all charges must be dismissed. *See id.*

The People filed Oppositions to both Motions. *See* Opp. to Defendant's Mot. In response to the Motion to Dismiss the Indictment, the People assert that they did not fail to provide any exculpatory evidence at the Grand Jury Proceedings. *See id.* at 5. The People assert that they

presented all relevant evidence to the three charges of attempt surrounding the March 27 incident. *See id.* This evidence, the People assert, included all statements and evidence collected by the officers who conducted the investigation. *See id.* The People established this evidence at the Grand Jury proceeding through testimony of said officers, and allege that no exculpatory evidence was withheld. *Id.* They further argue that they in no way bolstered the statements of their own witness through the withholding of evidence. *See id.* at 5-6.

In response to the Motion to Dismiss all Attempt Charges, the People argue that they introduced more than enough circumstantial evidence to establish the probable cause necessary to charge Defendant with Attempt. *See id.* at 3-4. They further assert that the full presentation of evidence and the credibility of all evidence and witness statements must be saved for the adversarial process of trial. *See id.*

After hearing oral argument on both Motions on September 10, 2019, this Court took both Motions under advisement.

## Discussion

### A. *Motion to Dismiss the Indictment*

Under Guam law, a grand jury shall find an indictment when from the evidence presented there is reasonable cause to believe that an indictable offense has been committed and that the Defendant committed it. 8 G.C.A. § 50.54(b). Both Guam courts and Federal Courts give great deference to Grand Jury findings returned by a legally constituted and unbiased grand jury. *See People v. Jones*, 2006 Guam 13 ¶ 12; *Costello v. United Stated*, 76 S.Ct. 406, 409 (1956). An indictment will be deemed sufficient where it contains the elements of the crime alleged, adequately informed the Defendant of the crime to allow him to defend against the charges, and is stated with sufficient clarity to bar subsequent prosecution for the same offense. *See People v. Salas*, 2000 Guam 2 ¶ 19. It is further established that an indictment "should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." *People v. Jones*, 2006 Guam 13 ¶ 12 (quoting *United States v. Givens*, 767

F.2d 574, 584 (9th Cir. 1985)). Subsequently, a high burden is set in order to convince the Court to dismiss a Grand Jury indictment.

Defendant provides two grounds under which he believes his Motion should be granted. First, Defendant argues that the People failed to provide exculpatory evidence at the Grand Jury Proceeding, thus constituting a violation of their affirmative duty. *See* Mot. to Dismiss Indictment Second, related, Defendant argues that the People implicitly bolstered the statements of their own witnesses by withholding exculpatory evidence. *See id.* Each ground will be discussed in turn.

### 1. Failing to Provide Exculpatory Evidence

In a Grand Jury Proceeding, the People shall submit any evidence in its possession which would tend to negate guilt of the Defendant. 8 G.C.A. § 50.46. However, the People are not required to inform the grand jury of lesser included offenses, nor are they required to provide the grand jury with evidence establishing an affirmative defense. *People v. Grajo*, 1987 WL 109393 *2 (D. Guam App. Div. 1987); *People v. Sablan*, 1986 WL 68900 *3 (D. Guam App. Div. 1986) (citing People v. Snow, 72 Cal. App. 3d 950 (1977)).

Defendant claims that the People withheld exculpatory evidence at his Proceeding. Mainly, Defendant claims that the People had evidence of a third party confessing to a previous March 8 burglary of the same residence. The Defendant asserts, and the People do not dispute, that a third party named the parties involved in the March 8 burglary, and the police found fingerprints during their investigation of the May 8 burglary. Neither of these pieces of evidence involve the Defendant.

However, the Court does not agree with Defendant that this constitutes exculpatory evidence related to the three attempt charges surrounding the March 27 incident. While Defendant is free to argue that he was not involved in the March 8 incident, evidence supporting that argument does not tend to "justify, excuse, or clear the [D]efendant from alleged fault or guilt" for the March 27 incident. *See* Black's Law Dictionary 566 (6th Ed. 1990). At its best, it may be a mitigating factor that could work in Defendant's favor. That question must be saved for

trial. It is not exculpatory evidence that tends to negate the guilt of Defendant, and the People had no duty to disclose it at the Grand Jury Proceeding.

Defendant is correct that *People v. Sablan* requires the People to present evidence that would indicate the Defendant was elsewhere at the time of the alleged crime. *See People v. Sablan*, D.C. Cr. 85-0024A (1986). However, Defendant does not present any evidence that meets that standard. The evidence that Defendant claims is exculpatory does not indicate that Defendant was elsewhere on March 27, let alone elsewhere on March 8. It merely shows that other parties were present at the residence during the March 8 incident, which again is the not the incident that the present charges involve. Rather, the People presented evidence that on the morning of March 27, Defendant was present at Victim's residence, did not have permission to be there, and that the residence was broken into from the night before. This constitutes competent circumstantial evidence that is sufficient to sustain the three Attempt charges before the grand jury. *See* 8 G.C.A. § 50.42 (citing *People v. De Jesus*, Sup. Ct. Cr. #6F–78 (Order, 02/27/78; Abbate, P.J.). Whether or not this evidence, or any mitigating evidence presented by the Defendant, will impact Defendant's guilt beyond a reasonable doubt is a question for trial.

Therefore, the People did not withhold any mitigating evidence at the Proceeding, and the Motion to Dismiss on ground 1 is DENIED.

### 2. Implicit Vouching

Improper "[v]ouching occurs when the government places the prestige of the government behind the witnesses through personal assurances of their veracity...." *People v. Moses*, 2007 Guam 5 ¶ 16 (quoting *People v. Ueki*, 1999 Guam 4 ¶ 19) (internal quotation marks omitted). "Vouching of that sort is dangerous precisely because a jury 'may be inclined to give weight to the prosecutor's opinion in assessing the credibility of witnesses, instead of making the independent judgment of credibility to which the defendant is entitled.'" *United States v. Weatherspoon*, 410 F.3d 1142, 1147 (9th Cir.2005) (quoting *United States v. McKoy*, 771 F.2d 1207, 1211 (9th Cir.1985)).

The concept of implicit vouching has not been addressed in Guam, nor has it been directly addressed in any Federal jurisdiction. However, in *U.S. v. Bowie*, the Tenth Circuit held that "use of the 'truthfulness' portions of [plea] agreements becomes impermissible vouching only when the prosecutors explicitly or implicitly indicate that they can monitor and accurately verify the truthfulness of the witness' testimony." *United States v. Bowie*, 892 F.2d 1494, 1498 (10th Cir.1990). Further, they asserted that "[a]rgument or evidence is impermissible vouching ... if the jury could reasonably believe that the prosecutor is indicating a personal belief in the witness' credibility ... by implicitly indicating that information not presented to the jury supports the witness' testimony." *Id.* It follows that if the People, implicit in their actions during the Proceeding, attempted to put their weight behind the statement of their own witnesses, this would constitute impermissible implicit vouching.

Defendant argues in their Motion that the People implicitly vouched for the statement of the Victim that it had to be the "same group of people for all three attempts to break into [Victim's] house." However, Defendant does not present any evidence that vouching occurred during the Grand Jury Proceeding, implicitly or explicitly. The People presented evidence at the Proceeding through review of police reports and questioning of officers. Regarding witness statements, the People read back portions of the witness statements taken, then proceeded to ask the officers if those statements were correct based on the police reports. This was an appropriate method of introducing evidence at the Proceeding, and does not indicate any suspicious action by the People that would constitute implicit vouching.

Defendant claims that failing to provide the aforementioned evidence of the March 8 incident "provided greater weight to the statements of the Government witnesses." This Court does not agree with the logic of Defendant. Failing to introduce evidence from one witness, even if such evidence is exculpatory, does not constitute vouching for the truth and veracity of a different witness' statement. On the contrary, it would seem that implicit vouching requires the People to use "information not presented to the jury" to support their own witness' testimony, as the Tenth Circuit stated. *United States v. Bowie*, 892 F.2d at 1498. Therefore, the failure to

introduce evidence of a previous burglary of the residence did not constitute improper vouching of the People's witnesses.

Because no vouching, implicit or explicit, occurred at the Grand Jury Proceeding, the Defendant's Motion to Dismiss or ground 2 is DENIED.

### B. Motion to Dismiss All Charges Re: Attempt

As stated above, an indictment will be upheld if the People have shown that there "is reasonable cause to believe that an indictable offense has been committed and that the Defendant committed it." 8 G.C.A. § 50.54(b). Further, competent circumstantial evidence can be sufficient to sustain a charge before the grand jury. See 8 G.C.A. § 50.42 (citing *People v. De Jesus*, Sup. Ct. Cr. #6F–78 (Order, 02/27/78; Abbate, P.J.). Because this Motion to Dismiss all Attempt Charges comes after the Grand Jury Proceeding but before trial, this Court must determine whether the People presented enough evidence such that a grand jury could find that there was probable cause Defendant committed the crimes charged for. The higher standard of beyond a reasonable doubt, or even preponderance of the evidence, is not the threshold that the Court must inquire to at this stage of the case.

The Defendant argues that the People did not present evidence of a "substantial step," thus there was no probable cause for the grand jury to indict Defendant on the three Attempt charges. A person is guilty of an attempt to commit a crime when, with intent to engage in conduct which would constitute such crime were the circumstances as he believes them to be, he performs or omits to perform an act which constitutes a substantial step toward commission of the crime. 9 G.C.A. § 13.10. While guilt is not the standard for this ruling, the People had a duty to present enough competent circumstantial evidence of intent and a substantial step by Defendant to support a charge of Attempt.

The Guam Supreme Court has held in *People v. Tedtaotao* that "attempt requires intent to complete the commission of the underlying crime. *People v. Tedtaotao*, 2015 Guam 31 ¶ 24. The Ninth Circuit has held that intent requires a "sufficiently clear external manifestation of the suspect's specific intent...." *Hernandez-Cruz v. Holder*, 651 F.3d 1094, 1101 (9th Cir. 2011). It

follows that intent and substantial step are sufficiently intertwined, and that if enough circumstantial evidence was presented for a reasonable jury to conclude Defendant's actions exhibited an intent to commit the crimes, then the Motion to Dismiss must be denied.

The People cite to *People v. Anastacio*, where the Court held that "circumstantial evidence such as the kind of vehicle in which defendant was parked, where he was parked in relation to the children, and the time of day were sufficient circumstantial evidence that defendant intended that some child observe his conduct." *People v. Anastacio*, 2010 Guam 18 ¶ 33. The Court agrees with the People's logical connection of Anastacio with the present case. The People presented evidence that there was a suspicious vehicle on Victim's property, that Defendant regularly drove this vehicle, that Defendant was on Victim's property the morning of March 27, and that between the evening of March 26 and morning of March 27, the residence had been broken into. This circumstantial evidence alone is enough to sustain a charge of Attempted Criminal Trespass by a Grand Jury.

As for Attempted Theft, the People additionally presented evidence of the kitchen cabinets and the laundry room being rummaged through. While this may not show by probable cause the crime of Theft, it combined with the other evidence presented is enough to support a charge of Attempted Theft by the grand jury.

Finally, as to the charge of Attempted Burglary, the People presented evidence of a broken window, a damages door lock, and screwdrivers that did not beling to Victim at the residence. That, in addition to the evidence supporting a charge of Attempted Theft, presents enough evidence to sustain the charge of Attempted Burglary.

The standard to sustain a charge from a grand jury is lower than the standard the People need to surpass in order to obtain a verdict of guilty. In order test that higher standard, all parties must wait for the adversarial process of trial. At this stage of the case, more than enough evidence has been presented by the People in order to sustain all three Attempt charges by the grand jury. Thus, the second Motion to Dismiss by the Defendant is DENIED.

//

## Conclusion

For the foregoing reasons, both of the Defendant's Motions to Dismiss are DENIED.

SO ORDERED this ⎯⎯⎯⎯ SEP 2 4 2019 ⎯⎯⎯⎯.

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

Date: _____ Time: 4:50

Deputy Clerk, Superior Court of Guam